[No. 2114.]

HARTMAN ET AL. v. REID ET AL.

1. **Tax Sales—Redemption—Presumptions—Burden of Proof.**

Property sold for taxes cannot be redeemed by one having no interest therein. When application is made to redeem, it is the duty of the treasurer to determine whether the applicant has such interest in the property as will entitle him to redeem, and where a redemption is effected, the presumption of law is in favor of the judgment of the treasurer in allowing the redemption, and the applicant will be presumed to have had the requisite interest, and the burden is on the person attacking such redemption on that ground to rebut such presumption by evidence.

2. **Tax Sales—Certificates—Assignment—Burden of Proof.**

In an action by one claiming as assignee of a certificate of purchase at a tax sale, where the assignment is put in issue by the answer, the burden is on the claimant to establish such assignment by evidence, and in the absence of such evidence defendant is entitled to judgment.

3. **Appellate Practice—Abstract of Record—Evidence—Presumptions.**

Where the abstract of record does not contain all the evidence, it will be presumed that the evidence was sufficient to sustain the judgment.

*Appeal from the District Court of Gunnison County.*

Mr. THOS. C. BROWN and Mr. E. M. NOURSE, for appellants.

Mr. DEXTER T. SAPP, for appellees.

THOMSON, J.

Suit by S. B. Hartman and E. P. Creighton against W. J. Reid and the treasurer of Gunnison county.

The complaint alleged that on the 3d day of November, 1894, William McMillan, at a tax sale in Gunnison county, purchased a tract of land lying in that county, and received from the county treasurer the proper certificate of purchase; that afterwards, on the 20th day of December, 1896, McMillan sold and assigned the certificate to these plaintiffs; that on the 9th day of December, 1897, the defendant Reid paid to the treasurer the amount necessary to redeem the land from the tax sale, and received from that officer a certificate of redemption of the property; that subsequently, but on the same day, the plaintiffs presented their certificate of purchase to the treasurer, and demanded of him a tax deed to the land, but he refused to receive the money or execute the deed; that the plaintiffs and their assignor had paid all taxes assessed and levied against the property from the time of the tax sale to the time of their demand for a deed, and that Reid, when he paid the redemption money to the treasurer, had no right, title or interest, legal or equitable, in or to, any part of the property, but was an entire stranger to the title.

The answer of the defendants put in issue the assignment to the plaintiffs of the certificate of purchase, and denied that the defendant Reid was a stranger to the title, averring that he was in possession of the land under a written contract for its pur-

chase by him, executed by C. M. Smith, the owner. This averment was denied by the replication. The trial resulted in a judgment for the defendants, and the plaintiffs appealed.

The plaintiffs, according to the abstract of record which they have furnished, offered no evidence. The defendants proved the contract from Smith alleged in their answer, and introduced a deed to the property from Lyman H. Cole to Smith and a person named Donnell. It is quite evident from the frequency of stars and the omissions of folio numbers, that the abstract does not contain all the evidence. Without some reason more cogent than any appearing here, we never resort to the transcript of the record in behalf of an appellant; and our disposition of this case will be made without other information than that which the abstract affords.—*Thompson v. Ditch & Reservoir Co.*, 25 Colo. 243; *Johnson v. Spohr*, 12 Colo. App. 317.

Land sold at a sale for taxes may be redeemed by the owner, his agent, assignee or attorney; or by any person who has a claim in it, legal or equitable.— 3 Mills' Ann. Stats., sec. 3905. The right of redemption is statutory, and can be exercised only as the statute prescribes. One having no interest in the property cannot redeem. When application for a redemption is made, it devolves upon the treasurer to determine whether the applicant has such interest in the property as will entitle him to redeem. In reaching his conclusion, he acts in a *quasi* judicial capacity; his allowance or disallowance of the claim, is his judgment upon the evidence before him; and the presumption of law is in favor of the judgment. Because the defendant Reid was allowed to effect this redemption, presumptively, he had the requisite interest in the property; and the burden was upon the plaintiffs, in the first instance, to offer evidence re-

butting the presumption. But the plaintiffs offered no evidence whatever, first or last. The only evidence upon the question was introduced by the defendants, and that, so far as it went, was corroborative of the finding of the treasurer. Moreover, the allegation of the complaint that the certificate of purchase had been assigned to the plaintiffs, was put in issue by the answer; and by failing to offer evidence they left the title to the certificate in McMillan and confessed themselves without right to bring or maintain this action. No proof was necessary from the defendants, because they were entitled to judgment on the silence of the plaintiffs; but what they made did them no harm.

However, as respecting the interest of Reid in the property, if we should concede the theory on which the plaintiffs proceeded, namely, that the presumption was in their favor, and that before it was incumbent upon them to speak, the defendants must, by deraigning title from the United States down, establish the necessary interest in Reid, there should still be an affirmance of the judgment below. The evidence which is missing from the abstract, may have supplied the necessary proof. Not knowing what it was, we must assume that it was sufficient to warrant the judgment. The legal presumptions are all in favor of the judgment, and the condition of the evidence as it is presented to us, renders them conclusive.

Let the judgment be affirmed.     *Affirmed.*