[No. 4205.  Decided April 10, 1903.]

THOMAS F. MEAGHER, *Appellant,* v. CITY OF SPRAGUE, *Respondent.*

TAX SALE — SALE BY CITY OF THIRD CLASS — INTEREST ACQUIRED BY PURCHASE — RIGHT OF REDEMPTION FROM OTHER SALES.

Where a city of the third class became the purchaser of land at a city tax sale which was conducted in pursuance of the provisions of Bal. Code, § 945, authorizing both summary procedure and action in court for the enforcement of delinquent taxes, the return of sale, although irregular, with the judgment and confirmation of sale, and the entry by the city into possession of

the property, together constituted evidence of the ownership of such interest in the land, within the meaning of Bal. Code, § 1752, as would entitle the city to redeem from a subsequent certificate of delinquency issued by the county to one who had knowledge of the city's possession and assertion of ownership.

SAME — REDEMPTION — SUFFICIENCY OF PAYMENT — RIGHT TO RAISE QUESTION.

The question of whether the county had exacted the full amount due for delinquent taxes upon the issuance of a complete certificate of redemption cannot be litigated in an action to foreclose a delinquency certificate, where the county is not a party to the action.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*Myers & Warren,* for appellant.

*Samuel R. Stern,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant instituted this suit to foreclose upon a tax certificate of delinquency for $15.85, issued by the county of Lincoln against a certain lot in the city of Sprague, in said county, for unpaid taxes of the year 1896. The application for judgment states that the tax was assessed against the property as that of Frank Hand, and he was the only party defendant in the complaint as filed. It is also alleged that appellant afterwards paid taxes for both prior and subsequent years, amounting in all to $169.72. As the full amount paid, with interest, appellant demands judgment and foreclosure of the tax lien for $266.51. The defendant Hand was adjudged to be in default, but the city of Sprague was, upon application, permitted to intervene in the cause. The complaint in intervention alleges that said city is the owner and in possession of the lot in question, and on January 12, 1901, defendant redeemed from

appellant's aforesaid certificate of delinquency for the taxes of 1896, and at the same time redeemed from the taxes of all other years that had then been paid by appellant; that the treasurer of Lincoln county issued to said city a certificate of redemption from said delinquency certificate and from all of said other taxes. The city prays judgment quieting its title in said lot. Appellant answered the intervention complaint and denied that the city was then, or ever had been, the owner and in possession of the said real estate. He also denied that the city had ever redeemed from said certificate of delinquency. The cause was tried by the court without a jury, and resulted in a decree in favor of the intervenor, to the effect that said city's title is quieted as against said certificate, and as against other taxes which had been paid by appellant as aforesaid. From said judgment this appeal was taken.

It is the contention of appellant that the city was not the owner of the property, and therefore could not redeem from the certificate which he held, and from the other taxes which he paid. The evidence shows that the city had for some years been in possession of the lot, and had constructed upon a portion of it buildings for its use, which were occupied for city purposes. Its claim of ownership is based upon a sale made under a judgment in a suit brought by the city to enforce a city tax lien against the lot. The city became the purchaser at the sale, and the sale was confirmed by order of court. The city also obtained a quitclaim deed for the lot, executed by the several members of the board of county commissioners of Lincoln county. The said tax sale was made October 20, 1896; and the city at once went into possession and erected a building on the lot, which it used as a city council chamber and fire station, and it also let a portion of the lot to an-

other. The quitclaim deed from the county was made January 12, 1901—the same day the city claims to have redeemed from the taxes as aforesaid. It is appellant's position that neither the sale nor the commissioners' deed transferred any title to the city upon which it can base a right to redeem from his tax certificate and other taxes. It is contended that the tax suit was without any force since only a summary sale method was provided by statute at that time, and no suit was authorized. Section 880, Bal. Code, provided the method at that time for cities of the second class. The city of Sprague was a city of the third class, and the method of such a city was, by § 945, Bal. Code, made the same as that for cities of the second class as nearly as circumstances would permit. But the last named section further specifically states that the tax lien may be enforced by action in a court of competent jurisdiction, as well as by the summary sale method. This must be held to apply to cities of the third class, since the subject-matter of the whole section relates to cities of that rank. Why the additional method by action was not added to § 880, *supra,* as relating to cities of the second class, we do not understand, but there seems to be no doubt about its applicability in this instance to the city of Sprague. Section 955, Bal. Code, also states it as one of the duties of the city attorney of cities of the third class "to bring suit in the name of such city in the proper court for the collection of any tax." It seems that the city was left with the choice of remedies. She chose what is certainly recognized as the better remedy for the taxpayer, since it gave him an opportunity to appear and contest irregularities. The validity of a tax title founded upon a mere summary sale, without an opportunity for a day in court, has never been regarded with as much favor as that founded upon a de-

cree of a competent court, which presumably has been rendered only after full inquiry into the regularity of the tax procedure. We observe from the record that the sale appears to have been made by the city attorney, and not by the sheriff. Section 945, *supra*, is silent upon that subject. Whether it was intended that such sale should be made by the sheriff, as in the case of other judgments, is not stated. The notice of sale, however, conformed to that provided for the summary sale method, except that it provided for the sale at the front door of the court house, and not in front of the city collector's office. The provision of § 880, *supra*, that sales should be made in front of the collector's office, relates to cities of the second class, which have an officer designated by that title; but cities of the third class have no officer so designated. It was therefore manifestly impossible to make the sale in front of such officer's place of business. The sale was at least a summary one, under the statute, with the added incident of a decree of a competent court directing it, although, as a judicial sale, it may have been irregular, if made by the wrong officer. The return states that a certificate of sale was issued to the purchaser in accordance with law. The certificate established the right to title, and the actual interest in the property was thereby created. *Diamond v. Turner*, 11 Wash. 189 (39 Pac. 379). We think the return of sale, as well as the judgment and confirmation of sale, and the entry into possession of the property by virtue thereof, together constituted evidence of the ownership of such an interest in the land, within the meaning of § 1752, Bal. Code, as entitled the city to redeem from appellant's certificate. Especially, it seems to us, it should be so held, since it appears that appellant all the time had knowledge of the city's possession and assertion of ownership. Ap-

pellant does not allege that he is a *bona fide* purchaser for value.    He held only by the rights of a delinquent certificate holder and of a voluntary payer of other taxes.    We think, within the principles discussed in *Bracka v. Fish*, 23 Wash. 646 (63 Pac. 561), appellant is not in position to say that the city, with its possession and interest aforesaid, has not sufficient title as against him to enable it to redeem.    In view of the foregoing, we find it unnecessary to discuss the question of the county's deed to the city, and the alleged irregularities connected therewith.

Appellant insists that the county did not exact enough from the city when it redeemed.    The county issued a certificate of redemption, purporting to be a receipt in full for all that was due under the various payments made by appellant prior to the time of redemption.    It is a complete certificate of redemption upon its face, and we think appellant cannot litigate that matter here.    The county has declared the property redeemed.    It is not a party here. If a mistake has been made by the county, the litigation of that matter must be in an action where the question can be heard.

FULLERTON, C. J., and DUNBAR, and ANDERS, JJ., concur.