[No. 19471. *En Banc*. June 15, 1926.]

FRED KIENBAUM et al., *Appellants*, v. NEW REPUBLIC COMPANY et al., *Respondents*.[1]

[1] TAXATION (170)—REDEMPTION FROM TAX SALE—PERSONS ENTITLED TO REDEEM. A stockholder and trustee in a defunct corporation is a "person owning an interest" in the lands of the company, within Rem. Comp. Stat., § 11296, entitling him to redeem for a delinquent tax certificate (the other trustees refusing to do so or to act with him); in view of our tax provisions giving the certificate holder a mere lien for the amount of the taxes paid by him and the mere right to bid at the foreclosure sale without any interest in the property; and Id., § 11297, providing that any redemption shall inure to the benefit of the person having the legal title to the property, subject to the right of the person making the redemption to be reimbursed.

Appeal from a judgment of the superior court for Ferry county, Neal, J., entered November 14, 1924, upon findings in favor of the intervener in an action to foreclose a tax lien, tried to the court. Affirmed.

*Charles P. Bennett* and *Davis, Heil & Davis*, for appellants.

*G. V. Alexander, James T. Johnson*, and *Frank M. Allyn*, for intervener and respondent.

PARKER, J.—This action was commenced in the superior court for Ferry county by the plaintiffs, Kien-

[1]Reported in 246 Pac. 925.

baum, Hollis and Babcock, seeking foreclosure of a
general tax lien against a mining claim situated in that
county, evidenced by a certificate of delinquency issued
to them by the treasurer of that county. Rathfon
intervened, resisting foreclosure of the plaintiffs' tax
lien and the sale of the mining claim in satisfaction
thereof, upon the ground that he has, for the benefit
of The New Republic Company and its stockholders,
of which he is one, redeemed the mining claim from
the tax lien evidenced by the plaintiffs' certificate of
delinquency, by paying to the county treasurer, for the
benefit of the plaintiffs, the full amount of all taxes
and charges incident thereto necessary to fully effect
such redemption. A trial in the superior court upon
the merits resulted in findings and decree as prayed
for by Rathfon, decreeing that he has the right to so
redeem, and that he did effectually so redeem, for the
benefit of the corporation and its stockholders. From
this disposition of the case in the superior court, the
plaintiffs have appealed to this court; the contention
here being wholly over the right of Rathfon to redeem
in the manner and for the purpose claimed by him.

There is but little room for controversy over what
we conceive to be the controlling facts of this case.
They may be summarized as follows: In the year
1908, The New Republic Company was duly organized
as a corporation under the laws of this state. There-
after, it acquired, and has ever since held, the record
legal title to the mining claim in question. In July,
1921, it was stricken from the corporate records of the
office of the secretary of state, because of its being in
default in payment of its annual license fee, since
which time it has remained dormant and has not ex-
ercised its corporate powers as a going concern. No
steps have been taken looking to the closing up of its
affairs.

At all times, since prior to the year 1917, Rathfon has been one of its stockholders, and also one of its trustees, having the custody and control of its remaining property, including this mining claim. Prior to 1910, the Rathfon Reduction Works was duly organized as a corporation under the laws of this state. Since prior to the year 1917, Rathfon has been one of its stockholders and, also, one of its trustees. Since prior to the year 1917, the Rathfon Reduction Works has been the owner of a majority of the capital stock of The New Republic Company.

In October, 1921, the county treasurer issued to plaintiffs and appellants the certificate of delinquency in question, evidencing a general tax lien upon the mining claim for the year 1916 and subsequent years, appellants paying to the treasurer therefor the amounts of such taxes. Thereafter, in due course, appellants commenced this action by summons and application for foreclosure of their tax lien so evidenced, praying for sale of the mining claim in satisfaction thereof, such foreclosure being the statutory judicial proceeding specially provided therefor by our taxation statutes. Thereafter, before the rendering of judgment of foreclosure as prayed for by appellants, Rathfon sought to redeem the mining claim from the tax lien held by appellants, by paying to the county treasurer an amount necessary to fully effect such redemption, whereupon a redemption certificate was accordingly issued to him by the county treasurer. Thereupon, Rathfon, by intervention, responded to appellants' foreclosure application, setting up the redemption so made by him, claiming to have made the redemption for the benefit of The New Republic Company and himself and others as stockholders of that company.

The trial court found that Rathfon's redemption was, in fact, made by him in that behalf, though he advanced his own money therefor and took the redemption certificate in his own name. The evidence fully justifies this finding. Before seeking redemption of the tax lien and paying out his own money therefor, Rathfon requested the other trustees of both corporations to assist him in the making of the redemption; there being no funds of either of the companies available for that purpose. This the other trustees refused to do, and even declined to sanction or authorize Rathfon's advancing his own money and making redemption, as he sought to do.

As already noticed, the contentions here made in behalf of appellants are all, in substance, against the claimed right of Rathfon to redeem, either for himself or for the companies. Our problem, we think, will be somewhat illuminated by our first having clearly before us the nature and extent of appellants' right to resist the redemption sought to be made by Rathfon; noticing particularly the nature and extent of appellants' interest in the mining claim which will be terminated by the upholding of Rathfon's claimed redemption.

[1] It needs but a cursory reading of our taxation statutes to render it plain, that the holding of a delinquent certificate evidencing a general tax lien vests in the holder nothing more than a mere lien against the property, securing the amount he has paid the county therefor, with interest thereon at twelve per cent per annum until the lien be satisfied by redemption or by sale of the land upon foreclosure. Sections 11290-11298, Rem. Comp. Stat. [P. C. §§ 6990-6998]. In other words, the holder of such tax lien has no interest or title whatever by virtue of his certificate, inchoate or otherwise,

which of itself, by mere lapse of time and want of redemption, can ripen into a title to the fee in him; as was the case under the early taxation statutes of this territory and state, and, as we understand, is the case in many other states of this country at this time. Hence, when Rathfon sought to redeem the mining claim from appellants' tax lien, by paying to the county treasurer the full amount which was secured thereby to appellants, their every right was thereby satisfied, except, assuming that Rathfon had no right of redemption whatever, appellants' possible right to have their investment continue with interest thereon until a sale of the mining claim under their foreclosure proceedings. These considerations strongly argue in support of a very liberal allowance of the right of redemption here in question.

Referring to sections of our taxation statutes in Remington's Compiled Statutes, we find redemption provisions therein as follows:

"§ 11296. Any person owning an interest in lands or lots upon which judgment is prayed, as provided in this chapter, may in person or by agent pay the taxes, assessment, penalties, interest and costs due thereon to the county treasurer of the county in which the same are situated, at any time before the execution of the deed; and for the amount so paid he shall have a lien on the property . . .

"§ 11297. Real property upon which certificates of delinquency have been issued under the provisions of this chapter, may be redeemed at any time before the issuance of tax deed, by payment, in legal money of the United States, to the county treasurer of the proper county, for the benefit of the owner of the certificate of delinquency against said property, the amount for which same was sold, together with interest at twelve per cent per annum thereon from date of issuance of said certificate of delinquency until paid. . . . Any redemption made shall inure to the benefit

of the person having the legal or equitable title to the property redeemed, subject however, to the right of the person making the same to be reimbursed by the person benefited. . . . "

These two sections, we think, must be read together, to ascertain the real legislative intent as to who has the right of redemption. It is argued that Rathfon is not a person "owning an interest in" the mining claim, within the meaning of these quoted words of § 11296, and therefore he has no right of redemption. It seems to us, that the words "owning an interest in," as used in that section, cannot be held to evidence a legislative intent to restrict the right of redemption to those having some ownership in the fee, when read in the light of the provisions giving the redemptioner a lien upon the property for the amount he pays to effect redemption, and the making of the redemption "inure to the benefit of the person having the legal or equitable title." These provisions, read together, all but conclusively point to a legislative intent, as we think, to secure the right of redemption to anyone who has an existing pecuniary interest, for the protection of which he is entitled to look to the property in the hands of the legal or equitable owner thereof, and, by reason of such pecuniary interest, he is interested in having title remain unimpaired in the legal or equitable owner.

Tax redemption statutes are very generally liberally construed, favorable to the right of redemption, even though the delinquent certificate gives the holder an inchoate right to the fee, which may, by the mere lapse of time and want of redemption, ripen into a tax deed fully vesting title in him; and even when the right of redemption, after the issuance of a tax deed, is expressly given by statute. 37 Cyc. 1383; 26

R. C. L. 430. Manifestly, the right of redemption, here in question, should be looked upon with even greater favor, where, as under our statutes, the owner of a certificate of delinquency acquires no right thereby, except a mere lien right as security for his investment, without the semblance of a right to acquire title to the property, other than the mere right to bid at a foreclosure sale, in common with every other citizen. Our decision in *Meagher v. Sprague*, 31 Wash. 549, 72 Pac. 108, comes near being directly in point, and is in full harmony with this view of the redemption right. It seems to us, that Rathfon's interest in these two companies as a stockholder and trustee in each, the other trustees declining to aid or sanction the redemption, was such as to give him the right to effect the redemption in the manner he did.

Some other contentions are made in behalf of appellants, but we think they are wholly without merit, and that what we have said thus far is a sufficient discussion of the controlling questions in this case.

The decree is affirmed.

TOLMAN, C. J., FULLERTON, MAIN, MITCHELL, ASKREN, and MACKINTOSH, JJ., concur.

HOLCOMB, J., dissents.