## No. 21845.

JOHN M. BOYLE *v.* MRS. A. W. CULP, ET AL.
(412 P.2d 543)

Decided March 21, 1966.    Rehearing denied April 18, 1966.

ELIZABETH A. CONOUR, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE refer to plaintiff in error as the plaintiff; to defendant in error Mrs. A. W. Culp as the defendant or by name; to Nancy Burke as the Treasurer; to Jean Vickers as the Clerk; and to defendant in error Tulsa-Rio Grande Club, Inc. as Tulsa-Rio Grande.

The instant action was brought by plaintiff to compel the Treasurer to issue a tax deed to him as the holder of a tax certificate upon certain lands in Hinsdale county, the record title to which stood in the name of Tulsa-Rio Grande. He alleged that the lands in dispute were assessed in 1953; that the taxes were not paid; that the lands were sold to him for nonpayment of taxes on December 13, 1954, and there was issued to him by the Treasurer, Certificate No. 7005; that plaintiff paid subsequent taxes levied thereon for the years 1954, 1955 and 1956, each of which payments was duly endorsed on his Certificate No. 7005; and that he has been at all times, and now is, the owner and holder of the aforementioned Treasurer's Certificate No. 7005. He further alleged that on or about February 3, 1957, the defendant, Mrs. A. W. Culp, tendered to the Treasurer the sum of $88.98 which was sufficient to redeem the property from the tax sale, and the Treasurer issued to her a certificate of redemption. Plaintiff further alleged that on February 3, 1957, Mrs. Culp was not, and had not theretofore been, an officer, director, manager, or authorized agent of the Tulsa-Rio Grande, and was without right, title or interest in the real estate and premises, legal or equitable, and had no right to redeem the property, or to do so on behalf of Tulsa-Rio Grande.

The plaintiff further alleged that the Treasurer requested him to surrender Certificate No. 7005 and accept the sum of $88.98 redemption money, which he refused to do; that he advised the Treasurer that Mrs. A. W. Culp was without sufficient interest to redeem, and demanded that the Treasurer recover and cancel the certificate of redemption. Mrs. Culp declined to surrender her certificate. Plaintiff further alleged that on October 7, 1958, he demanded that the Treasurer proceed with the steps required by law to issue a Treasurer's Deed to him to the lands involved, all to no avail. He prayed for cancellation of the certificate of redemption issued to Mrs. Culp and that the Treasurer be ordered to issue to him a Treasurer's Deed in accordance with the law.

Defendant Mrs. Culp filed an answer in which she admitted that Tulsa-Rio Grande owned the property in dispute; that the assessments were made and taxes levied on the lands as alleged by the plaintiff; that the plaintiff purchased the property for taxes and was the holder of Treasurer's Certificate No. 7005; and that subsequent taxes were paid by him as claimed. She asserted the right to redeem the land on behalf of Tulsa-Rio Grande.

Affirmatively Mrs. Culp alleged that her husband, A. W. Culp, died intestate November 26, 1946; that she was the sole heir to this estate; that all the personal property of the estate of A. W. Culp deceased was awarded to her by order of the county court of Prowers county, Colorado, on October 7, 1947; that her husband was at the time of his death the owner and holder of Membership Card No. 12 of Tulsa-Rio Grande and of capital stock certificate No. 12 issued by that corporation; that by reason of inadvertence the membership card and stock certificate were not included as part of the assets listed in his estate; that on or about the 27th day of August 1962 the estate was re-opened and the membership card and the stock certificate were included in the estate, an administrator de bonis non was ap-

pointed, and on August 28, 1962, the membership card and certificate of stock were by order of court distributed to her.

Mrs. Culp further alleged that on February 3, 1958, she paid to the county treasurer of Hinsdale county on behalf of Tulsa-Rio Grande an amount sufficient to redeem the real estate involved, and that, pursuant thereto, the county treasurer issued a redemption certificate No. 3543 which read in part as follows:

"I HEREBY CERTIFY, that the Real Estate hereinafter described, situate in the County of Hinsdale, and State of Colorado, which was sold for Delinquent Taxes for the year 1953, on the 13th day of December, 1954, has this day been redeemed by Mrs. A. W. Culp, for Tulsa-Rio Grande Club by the payment to me of the sum of money set opposite said tract, being the amount due thereon, as provided by law, . . . . . ."

Mrs. Culp further alleged,

"That all payments of taxes by this answering defendant on said real property ever since said February 3, 1958, have been for, and on behalf, of said Tulsa-Rio Grande Club, Inc., and as a stockholder and member of Tulsa-Rio Grande Club, Inc."

On April 27, 1964, defendant, Mrs. Culp, filed a motion for a summary judgment which was supported by her affidavit in which she incorporated pertinent allegations of her answer. It was asserted in her motion that no material issue of fact remained to be tried by the court. With this assertion the plaintiff agreed, and on May 11, 1964, he also moved the court for the entry of a summary judgment in his favor. Upon the undisputed facts he claimed that Mrs. Culp was not a stockholder by reason of the fact that she did not have possession of a stock certificate; that no one knew where the stock certificate was, upon which she claimed to be a stockholder; that she had never taken any steps to replace a lost certificate if it was lost; and that the share of stock in question had never been registered on the

books of the corporation in accordance with its charter and bylaws.

█ No issue of fact was made by the plaintiff and the trial court correctly determined that only a question of law was presented by the record and that it was proper to resolve the issue on motion for summary judgment.

Admittedly, Tulsa-Rio Grande at all times since 1923 was the owner of the property in question, and the redemption was made on behalf of that corporation by Mrs. A. W. Culp, who succeeded to the rights of Mr. A. W. Culp, by right of inheritance. The undisputed facts show that A. W. Culp, husband of the defendant, did in fact own a share of stock in that corporation and held a membership card issued in his name which was in the possession of Mrs. Culp and which provides:

"This Membership Card No. 12 is issued to Owner of Tulsa Rio Grande Club, Inc. Capital Stock Certificate No. 12 and remains in force subject to Constitution and By-Laws of Tulsa Rio Grande Club, Inc. until the ownership of said Certificate No. 12 is transferred, thereby automatically cancelling this Membership.

*"Notice: To Transfer Stock Certificate this Card must accompany the request with endorsed Certificate."* (Emphasis supplied.)

It is admitted that Mr. and Mrs. Culp for a number of years enjoyed the use of the premises in question as members of Tulsa-Rio Grande Club.

█ At the time Mrs. Culp made the redemption in behalf of the corporation, the Treasurer of Hinsdale county accepted and approved her as a person who was entitled to make the redemption. In so doing, the Treasurer performed a quasi-judicial act, and her conclusion of capacity to redeem carries a presumption of validity which places the burden upon the plaintiff to prove the contrary.

It is admitted that records of the company show that A. W. Culp, until the year 1936, paid assessments levied

upon the shareholders in order to pay taxes; that there were other stockholders and "members" of the corporation; and that no record is available which shows the number or identity of the other stockholders. Many, and perhaps all, of the original officers are now deceased, and many of the original stockholders and members are likewise deceased, but the interest of heirs in the asset represented by stock certificates originally issued by Tulsa-Rio Grande has not been extinguished by reason of failure to lay claim thereto.

In *Kienbaum v. New Republic Co.,* 139 Wash. 298, 246 Pac. 925, it was held, under facts somewhat similar to those shown by the instant case, that the owner of a pecuniary interest in property which is held in trust by others for his benefit, is entitled to redeem from a tax sale. It was held in that case that tax redemption statutes should be liberally construed in favor of the right of redemption, especially where the owner of a tax sale certificate acquires no vested right thereunder other than a lien as security for his investment. See also *People v. Hess,* 7 Ill.2d 192, 130 N.E.2d 280.

In *Reuter v. Mobile Bldg. & Const. Trades Council,* 274 Ala. 614, 150 So.2d 699, the Alabama Supreme Court held that:

"In an anomalous situation such as the case at bar, where a corporation is inoperative but had not been formally dissolved, there is no one other than the shareholders to protect the corporate interests. * * *"

In *Hartman v. Reid,* 17 Colo. App. 407, 68 Pac. 787, it was held that:

"Land sold at a sale for taxes may be redeemed by the owner, his agent, assignee or attorney; or by any person who has a claim in it, legal or equitable. — 3 Mills' Ann. Stats., sec. 3905. The right of redemption is statutory, and can be exercised only as the statute prescribes. One having no interest in the property cannot redeem. *When application for a redemption is made, it devolves upon the treasurer to determine whether the applicant*

*has such interest in the property as will entitle him to redeem. In reaching his conclusion, he acts in a quasi judicial capacity; his allowance or disallowance of the claim, is his judgment upon the evidence before him; and the presumption of law is in favor of the judgment. Because the defendant Reid was allowed to effect his redemption, presumptively, he had the requisite interest in the property; and the burden was upon the plaintiffs, in the first instance, to offer evidence rebutting the presumption. \* \* \*"* (Emphasis supplied.) C.R.S. '53, 137-11-3, which was in effect at the time of the redemption by Mrs. Culp, provides that:

"Real property sold for taxes may be redeemed by the owner, his agent, assignee, or his attorney; by any person having a legal or equitable claim therein; \* \* \*"

In *Ruth v. Devany,* 84 Colo. 476, 271 Pac. 623, this court held that C.L. section 2317, concerning defunct corporations, does not relieve a delinquent corporation from the payment of taxes, nor deprive it of the right to redeem its property from a tax sale; and that in an action to set aside a redemption from tax sale, plaintiff had no concern in the fact that the treasurer inserted in the tax sale certificate the name of the corporation which owned the property at the time of the tax sale, although that corporation had ceased to exist and its property had been conveyed to another before redemption.

*Bean v. Westwood,* 101 Colo. 288, 73 P.2d 386, was a case very similar to the case at bar. In that case, with reference to the rights of the holder of tax sale certificate, this court said the following:

"\* \* \* Plaintiff had no interest other than her ownership of the certificate of purchase which entitled her ultimately to a deed only in the event that the property was not redeemed from the sale represented by the certificate she held. Having invested her money in the purchase of the tax certificate, she was and is entitled to protection of that investment, and to receive the redemption money which would include interest and

penalties. Beyond that, she has no further right and can make no demands as against a redemption and we cannot look with favor upon her refusal to surrender the certificate of purchase and receive the redemption money paid by defendant who possessed sufficient interest in the form of an equitable claim in and to the property to entitle him to redeem."

■ We hold that the defendant Culp was a "person having a legal or equitable claim" in the real property involved in this controversy, and that she was entitled to redeem the real estate on behalf of the corporation in which she was a stockholder.

The judgment is affirmed.