ALBERT S. LASSO AND GRACE CASALE, PLAINTIFFS-APPELLANTS AND CROSS-RESPONDENTS, v. MARTIN SIMON, MRS. MARTIN SIMON, HIS WIFE, THEIR HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES AND HIS, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE OR INTEREST, LANDEVELOP INC., A NEW JERSEY CORPORATION AND ITS SUCCESSORS IN RIGHT, TITLE AND INTEREST AND GLACLAND, INC., A NEW JERSEY CORPORATION AND ITS SUCCESSORS IN RIGHT, TITLE AND INTEREST; EMMA SIMON AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 17, 1979—Decided January 30, 1979.

Before Judges Halpern and Antell.

Mr. *Avrom J. Gold* argued the cause for appellants and cross-respondents (*Messrs. Mandelbaum, Mandelbaum & Gold*, attorneys; *Mr. Ronald S. Biskin* on the brief).

Mr. *Dominick A. Mazzagetti* argued the cause for respondents and cross-appellants (*Messrs. Lum, Biunno & Tompkins*, attorneys).

PER CURIAM. This case raises the question of whether a sole stockholder of corporations disqualified from transacting business for nonpayment of franchise taxes qualifies as an "other person having an interest in land, thus giving such stockholder the right of redemption under *N. J. S. A.* 54:5–54.[1]

The trial judge answered this question in the affirmative. We agree with his conclusion that the interest of a stockholder in property last held in the name of the corporation is sufficient under the statute for purposes of redemption. Supporting authority is to be found in *Boyle v. Culp,* 159 *Colo.* 423, 412 *P.* 2d 543 (Sup. Ct. 1966) ; *Reuter v. Mobile Bldg. & Constr. Trades Council,* 274 *Ala.* 614, 150 So. 2d 699 (Sup. Ct. 1963) ; *People v. Hess,* 7 *Ill.* 2d 192, 130 *N. E.* 2d 280 (Sup. Ct. 1955) ; see also, Annotation, "Who may redeem, from a tax foreclosure or sale, property to which title or record ownership is held by corporation." 54 *A. L. R.* 2d 1172 (1957) ; 16 *McQuillin, Municipal Corporations* (3d ed. 1972), § 44.166 at 461–62.

Respondents have cross-appealed from the award of counsel fees which the trial judge allowed to plaintiffs, who had purchased tax sale certificates on the subject properties and unsuccessfully sought foreclosure. It is settled that *R.* 4:42–9 is the exclusive source for the allowance of counsel fees. *Government Security Co. v. Nasso,* 73 *N. J. Super.* 8, 11 (App. Div.), certif. den. 37 *N. J.* 223

---

[1]*N. J. S. A.* 54:5–54 provides:

Except as hereinafter provided, the owner, mortgagee, occupant or other person having an interest in land sold for municipal liens, may redeem it at any time within 6 months from the date of sale when the municipality has purchased the property at a tax sale, or within 2 years from the date of sale when the purchaser is other than the municipality, or at any time thereafter until the right to redeem has been cut off in the manner in this chapter set forth, by paying to the collector, or to the collector of delinquent taxes on lands of the municipality where the land is situate, for the use of the purchaser, his heirs or assigns, the amount required for redemption as hereinafter set forth.

(1962), dealing with the rule's predecessor, *R. R.* 4:55–7. Subparagraph (a)(5) thereof, dealing with tax foreclosure proceedings, specifically provides:

If the plaintiff is other than a municipality no counsel fee shall be allowed unless prior to the filing of the complaint the plaintiff shall have given not more than 120 nor less than 30 days' written notice to the interested owners and mortgagees whose interests appear of record * * *.

It is conceded that the notice required by the foregoing rule was not given by the plaintiffs. We therefore conclude that the trial court erred in awarding plaintiffs counsel fees.

The judgment under review is modified to the extent that its provisions allowing counsel fees to plaintiffs are vacated. In other respects it is affirmed.