**Merrill Ladell McBRIDE,
Petitioner-Appellant,**

v.

**The STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION and Raymond Jorgenson, Hearing Officer, Respondents-Appellees.**

No. 80CA0861.

Colorado Court of Appeals,
Div. II.

March 26, 1981.

Allen J. Kincaid & Associates, Richard K. Austin, Brush, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary C. Snow, Asst. Atty. Gen., Denver, for respondents-appellees.

VAN CISE, Judge.

Merrill Ladell McBride, the licensee, appeals the judgment of the district court affirming the revocation of his driver's license for three months by the Department of Revenue pursuant to the implied consent law, § 42–4–1202, C.R.S.1973. We affirm.

At a hearing before the Department, it was discovered that the arresting officer had not properly sworn to the affidavit which had been submitted to the Department concerning reasonable grounds to be-

lieve licensee had been driving while under the influence of alcohol and his refusal to submit to a chemical test. The licensee moved for dismissal. The hearing officer dismissed the action without prejudice.

Thereafter, the arresting officer submitted to the Department a second affidavit, now verified, to the same effect as the original one. Over the licensee's objections, a second hearing was held, the hearing officer found that the officer had reasonable grounds and that the licensee had refused the test, and the licensee's driving privileges were revoked for three months.

The licensee's only contention on appeal is that the second hearing was barred by the doctrine of res judicata. We do not agree.

The hearing officer's dismissal of the case without prejudice was not based on the merits, but on a technicality—whether the hearing could be initiated without the "sworn report of the law enforcement officer" required under § 42–4–1202(3)(e), C.R. S.1973. As stated in *Saunders v. Bankston*, 31 Colo.App. 551, 506 P.2d 1253 (1972):

> "A judgment based on any preliminary, subsidiary, or technical grounds is not on the merits.... A judgment which is not on the merits of the case is not a bar to a subsequent action on the same claims."

Reinstitution of the administrative hearing was, therefore, not precluded.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.