**BMS PARTNERSHIP, a Colorado Partnership, Plaintiff–Appellee,**

v.

**WINTER PARK DEVIL'S THUMB IN-VESTMENT COMPANY and Jack W. Randall, Defendants–Appellants.**

No. 94CA0416.

Colorado Court of Appeals,
Div. II.

June 29, 1995.

Rehearing Denied Aug. 10, 1995.

Certiorari Granted Feb. 20, 1996.

Anthony J. DiCola, Hot Sulphur Springs, for plaintiff-appellee.

Frascona, Joiner and Goodman, P.C., Jonathan A. Goodman, Joyce M. Bergmann, Boulder, for defendants-appellants.

Opinion by Judge CASEBOLT.

In this action to quiet title to real estate, defendants, Winter Park Devil's Thumb Investment Company, a Colorado limited partnership, and its general partner, Jack W. Randall, (Winter Park), appeal the judgment quieting title in favor of plaintiff, BMS Partnership (BMS), holder of a treasurer's deed to the property. We affirm.

Winter Park was the fee simple owner of real property. BMS purchased a tax lien on the property in November of 1988. In December 1991, BMS applied for a treasurer's deed. The treasurer gave notice of the application for deed to Winter Park, through its general partner, but did not send a separate notice to its limited partners, whose names and addresses were contained in the recorded certificate of limited partnership. No redemption occurred within the statutory time limit. Consequently, a treasurer's deed to the real property was issued to BMS in June of 1992.

Approximately ten months later, one of the limited partners of Winter Park attempted to redeem the property. She claimed that she was entitled to receive separate notice of the application for treasurer's deed, that she had not received such notice, and that, therefore, the treasurer's deed was void. She tendered funds to the treasurer sufficient to redeem the property. The treasurer refused the tender of redemption.

Thereafter, BMS filed this quiet title action. The trial court determined that the limited partners had no interest in, or title of record to, the limited partnership real property. Consequently, it held that the limited partners did not have a right to receive separate notice from the treasurer prior to the sale of the tax lien or to receive notice of issuance of the treasurer's deed. Hence, it quieted title in BMS.

Winter Park contends that its limited partners, whose names and addresses were of record, were persons who had an interest in or title of record to the real property. Consequently, it reasons, they had a right to receive notice from the treasurer prior to the sale of a tax lien or issuance of a tax deed and, because they did not, the attempted redemption by one of its limited partners was improperly refused by the treasurer. We disagree with Winter Park's contentions.

Under § 39–11–128, C.R.S. (1994 Repl.Vol. 16B), notice must be provided before an applicant may receive a tax deed to a parcel of property. That section provides in pertinent part as follows:

(1) Before any purchaser ... of a tax lien on any land ... sold for taxes ... is entitled to a deed for the land ... he shall make request upon the treasurer, who shall then comply with the following:

(a) The treasurer shall serve ... a notice of such purchase on every person in actual possession ... of such land ... and also on the person in whose name the same was taxed ... and upon all persons having an interest or title of record in or to the same. . . .

The purpose of this section is to forbid the issuance of a treasurer's deed unless notice is given to persons with an interest in the property, particularly to one having the right of redemption. *Bogue v. Miles,* 107 Colo. 320, 111 P.2d 1055 (1941). Among those having the right to redeem is any person having a legal or equitable claim in the real property. *Swofford v. Colorado National Bank,* 628 P.2d 184 (Colo.App.1981).

Winter Park, relying upon *Boyle v. Culp,* 159 Colo. 423, 412 P.2d 543 (1966), contends that its limited partners have an equitable claim in the real property and, thus, may redeem it. It reasons, therefore, that since limited partners are entitled to redeem, they are likewise entitled to individual notice.

In *Boyle v. Culp, supra,* a stockholder of a corporation asserted that she was entitled to redeem property owned by the corporation on its behalf before issuance of a tax deed. The court analyzed what is now § 39–12–103(1), C.R.S. (1994 Repl.Vol. 16B), concerning redemption, and concluded that the stockholder was a "person having a legal or equitable claim" in the real property. Therefore, it held, the stockholder was entitled to redeem the property on behalf of the corporation.

However, assuming, without deciding, that the limited partners of Winter Park were entitled to notice and were qualified to redeem, we conclude that, under the circumstances of this case, the limited partners had notice. Hence, because they failed to redeem within the statutory period, their rights in the property, whatever they may be, terminated.

■ Under the law of general partnerships, notice to and knowledge of the general partner of the enterprise operates as notice and knowledge to the partnership. Section 7–60–112, C.R.S. (1986 Repl.Vol. 3A); *Spiker v. Hoogeboom,* 628 P.2d 177 (Colo.App.1981). Likewise, in a general partnership, notice to the general partner also operates as notice to each partner. *See In re Arbitration between Lynch & Three Ponds Co.,* 656 P.2d 51 (Colo. App.1982) (notice to the managing partner of the enterprise operates as notice to all joint venturers).

■ These statutory provisions governing the effect of notice to and knowledge of a partner in general partnerships apply equally to limited partnerships. *See* § 7–60–106, C.R.S. (1986 Repl.Vol. 3A) (general partnership statute applies to limited partnerships except insofar as limited partnership statutes are inconsistent therewith).

■ Moreover, because a general partner possesses sole management responsibility for a limited partnership, notice to him or her in the capacity of general partner affords notice to the limited partnership. *See Frazier v. Carlin,* 42 Colo.App. 226, 591 P.2d 1348 (1979).

We find no pertinent Colorado authority, however, on the question whether notice to a general partner of a limited partnership affords notice to each individual limited partner, as opposed to the limited partnership itself.

As a general matter, the imputation of a partner's notice or knowledge to the partnership follows from that partner's ability to act for the partnership. *See* A. Bromberg & L. Ribstein, *Bromberg and Ribstein on Partnership* § 14.06 (1994). Applying that logic, we perceive no reason to preclude the knowledge or notice of a general partner from being imputed to limited partners in appropriate circumstances. Thus, other authorities have held that the knowledge and actions of one partner are imputed to all partners, even in a limited partnership. *See South Union v. George Parker & Associates,* 29 Ohio App.3d 197, 504 N.E.2d 1131 (1985); *Engl v. Berg,* 511 F.Supp. 1146 (D.Pa.1981).

■ Consequently we hold that, when a general partner of a limited partnership has knowledge and notice of a matter concerning partnership business, received or acquired while transacting partnership business, that knowledge and notice must generally be imputed to the limited partners.

■ Here, it is undisputed that the general partner of Winter Park received notice of the tax lien sale and, thereafter, notice of the application for tax deed by BMS. Because the general partner had authority to act for the limited partnership and received appropriate notice of the sale and application for deed, his notice and knowledge are imputed to each limited partner. Hence, each limited partner had such notice as required by the statute.

Consequently, because appropriate notice is deemed to have been given and because no redemption occurred within the statutory time limit set by § 39–12–103, C.R.S. (1994 Repl.Vol. 16B), the trial court did not err in quieting title in BMS.

This determination is not inconsistent with *Boyle v. Culp, supra.* That case did not involve an issue of entitlement to notice. Indeed, whether the corporate stockholder received individual notice is not disclosed in the opinion. And, we further note that the redemption by the corporate stockholder there at issue occurred within the statutory time

frame granted for redemption, whereas here, the attempted redemption occurred well after the applicable time limits had elapsed.

Furthermore, since the general partner here admittedly received notice of the tax lien sale and the application for treasurer's deed, and because his notice and knowledge are imputed to each limited partner under these circumstances, we necessarily reject Winter Park's contention that it or its limited partner's due process rights were violated. *See Schmidt v. Langel,* 874 P.2d 447 (Colo. App.1993); *Frazier v. Carlin, supra.*

█ Finally, we note that whether the partnership was or is winding up or in dissolution does not affect our determination. The general partner retained the authority to act on behalf of the limited partnership even during dissolution. Section 7–60–135, C.R.S. (1986 Repl.Vol. 3A). Because the authority to act is the touchstone for imputation of notice or knowledge, pending dissolution does not prevent imputation of notice or knowledge.

Therefore, we conclude that the trial court correctly quieted title to the real property in BMS.

Judgment affirmed.

CRISWELL and JONES, JJ., concur.