## No. 14,172.

### BEAN *v.* WESTWOOD ET AL.
#### (73 P. [2d] 386)

Decided October 18, 1937.   Rehearing denied November 15, 1937.

Mr. GEORGE H. LERG, for plaintiff in error.

Mr. ARTHUR E. ALDRICH, Mr. WILLIAM G. EDWARDS, for defendants in error.

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, by her amended complaint sought a declaratory judgment determining the status of the parties to the action relative to the redemption from tax sale of a mining claim in Clear Creek county. After answer and replication and the introduction of evidence on behalf of both parties, the court entered judgment in favor of defendants and ordered plaintiff's complaint dismissed. She now prosecutes this writ of error. The only parties directly interested are plaintiff and defendant Westwood, the other defendants are nominal parties only, and have no interest and are not affected by the judgment. Reference herein will be made to the parties as plaintiff and defendant as they appeared in the court below.

From the pleadings and evidence, the facts, briefly stated, appear as follows: The American Mines Development Company, a New York corporation, admittedly was the owner of the mining claim involved; early in 1934, defendant obtained a lease and option from the owner and went into possession of the property March 12, 1934; September 28, 1934, he redeemed the property from a tax sale for the taxes of the year 1929, and paid the current taxes; at that time plaintiff was the holder of the certificate of purchase and, upon being notified by the treasurer of the redemption of the property, refused to surrender the certificate, demanding the issuance of a tax deed by the county treasurer; plaintiff had bought the certificate from the board of county commissioners, the sale to her being subsequently declared void and set aside by the district court in litigation between the parties; plaintiff's attorney later obtained an ex parte order from the court requiring the county treasurer to return to defendant the money paid by him for the redemption, there was a com-

pliance with this order and defendant accepted the return of his money; thereafter, September 17, 1935, defendant petitioned the court to vacate this order, and his petition was granted; prior thereto, and on March 22, 1935, defendant exercised his option to buy the property and received a deed from the American Mines Development Company, executed by its vice-president and secretary, which was duly recorded; subsequently, May 6, 1935, plaintiff again purchased the tax certificate directly from the treasurer, and two days thereafter, May 8, 1935, defendant, upon exhibiting his deed, was allowed by the county treasurer to redeem; plaintiff again refused to surrender the certificate and instituted this action to determine her status in relation to the property involved.

Plaintiff contends that she is the rightful owner of the certificate of purchase and is entitled to a treasurer's deed because the conveyance under which defendant claims his right to redeem is invalid, and she supports this contention by the introduction of a certificate of the secretary of state of the state of New York, Exhibit "C," which sets forth that the corporation, the American Mines Development Company, was dissolved December 16, 1929, for nonpayment of its taxes by a proclamation of dissolution by the secretary of state according to the statutes of New York. She also introduced extracts from the laws of that state concerning corporations, identified as Exhibit "F." Reliance upon the New York statutes could follow, had the statutes been pleaded. This plaintiff did not do. The nonexistence of the corporation, brought about by the state officials acting under the New York laws, is a question of fact, and it is essential to plaintiff's action that it be pleaded. Counsel for the respective parties have engaged in lengthy and able discussions concerning the status of this defunct corporation with reference to the disposition of any property that it might have owned at the time of its dissolution, the argument being directed principally to the question as to whether or not a deed, to be effective, should be executed by the officials

of the company or by its board of directors. This corporation, the record discloses, never was authorized to do business in the state of Colorado; however, if this corporation was the admitted owner of the property here involved, defendant's title, if not good under the deed which he received, and which he in good faith obtained by exercising his option to purchase, the laws provide ways by which it may be perfected. Good faith on the part of defendant is not questioned; under the authority of the lease and option, which option he attempted to exercise, he was in possession of the property under circumstances which gave him an equitable claim thereto, superior to that of a stranger claiming title by reason of the purchase of a tax certificate. Section 264, chapter 142, Colorado Statutes Annotated, clearly provides that any person having a legal or equitable claim in property sold under the revenue act, may redeem. It reads in part as follows: "Real property sold under the provisions of the revenue law of 1902 may be redeemed by the owner, his agent, assignee or his attorney, or by any person having a legal or equitable claim therein, * * *." Defendant was in possession under a claim of right and therefore had an equitable title or at least an "equitable claim" therein. Plaintiff had no interest other than her ownership of the certificate of purchase which entitled her ultimately to a deed only in the event that the property was not redeemed from the sale represented by the certificate she held. Having invested her money in the purchase of the tax certificate, she was and is entitled to protection of that investment, and to receive the redemption money which would include interest and penalties. Beyond that, she has no further right and can make no demands as against a redemption and we cannot look with favor upon her refusal to surrender the certificate of purchase and receive the redemption money paid by defendant who possessed sufficient interest in the form of an equitable claim in and to the property to entitle him to redeem.

██ Statutes providing for the redemption of prop-

erty sold for taxes are to be liberally construed in favor of the redemptioner, and in the case at bar there is a presumption of title arising in favor of defendant when the county treasurer, acting in a quasi-judicial capacity found that defendant, upon exhibition of his deed, was entitled to redeem. Plaintiff offered no evidence whatever rebutting defendant's claim of interest in the property, attacking the form of his title only. Defendant's deed was regular on its face and bona fide evidence of title, sufficient at least to bring him within the terms of the statute under which he could redeem by virtue of his claim in and to the property in question.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.