## No. 17,627.

CHARLES JOHNSON, ET AL *v*. E. L. DUNKEL.
(288 P. [2d] 343)

Decided October 3, 1955.

Mr. T. LEE WITCHER, Mr. JOHN STUMP WITCHER, for plaintiffs in error.

Messrs. MOSES & DESOUCHET, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiffs in error were plaintiffs and defendant in error was defendant.

The action originally was filed before a justice of the peace in Fremont county as one in unlawful detainer. In his answer defendant denied that plaintiffs were owners of the real estate in question, and alleged title in himself; thereupon the cause was certified to the district court.

Upon the trial no evidence was offered other than the treasurer's deed upon which plaintiffs relied to establish their title. All facts were stipulated by counsel in open court and are as follows:

1. That the defendant was during all the year 1953 in possession of the property in question.

2. That on December 10, 1929, the county treasurer sold tax sale certificates 14472 and 14473 to Fremont County for taxes for the year 1928.

3. That on January 6, 1953 the Board of County Commissioners sold under bid and assigned those certificates to plaintiffs for the sum of $22.03.

4. That plaintiffs paid subsequent taxes in the amount of $9.72.

5. That the county treasurer did not serve defendant by personal service or by registered mail of the notice of the application for the treasurer's deed.

6. That immediately prior to June 6, 1953, defendant received actual notice of the application for the treasurer's deed, and on June 6, 1953, requested a redemption by depositing with the county treasurer the sum of $339.36, the full amount required to redeem from the tax sale; and that thereafter on June 13, 1953, the county treasurer returned such sum to defendant, refusing to accept the same.

7. That at the time defendant sought *to redeem,* he claimed to have the right of redemption because he stated he was in possession of the land in controversy, but presented no evidence of possession, right of possession or title to the county treasurer, and the county treasurer did not ask for such evidence. There was merely his statement before the county treasurer.

8. That the defendant did not list the real property in controversy on his 1954 tax assessment schedule.

9. That the defendant had no color of title in the land except as may be above stated.

10. That the improvements on the land in controversy were assessed to and the taxes thereon were paid by defendant as the owner of adjoining land.

11. That the improvements were put on the land in controversy during, or about, the years 1943 and 1944 by the defendant's predecessor in title.

12. That no improvements were assessed to the land in controversy.

The trial court entered judgment for defendant, and made findings which include the following:

"And the court * * * DOTH FIND that the allegations of the complaint are not well taken and not substantiated by the record; that the Treasurer's Deed, * * * is void for the reason that notice of the issuance of said deed

was not given to the defendant who was in possession of the property described in said deed, contrary to the provisions of the statute; that further the County Treasurer of Fremont County erred in refusing the tender made by defendant of the money necessary to redeem the property described in said deed from tax sale and that said defendant should have been permitted to redeem the same having an equitable interest in said property."

Plaintiffs, seeking reversal of the judgment, bring the cause to this Court for review by writ of error. The points upon which they rely for reversal are reflected in the questions which this Court must answer in disposing of the controversy.

Questions to be Determined.

First: *Where land has been sold for taxes and application has been made for the issuance of a tax deed; where improvements situated upon said land are occupied by one who owns adjoining property and no notice of application for tax deed is served upon him; where the one in possession has actual notice of the request for the treasurers deed and appears before the treasurer and makes a formal tender of the sums required to redeem from said tax sale prior to issuance of tax deed; will the fact that the notice was not served upon the party in possession void the tax deed in the face of the admitted fact that he appeared before the treasurer and sought to redeem and did all that could have been done to protect any interest claimed by him, and was, therefore, in no manner injured by failure to serve notice?*

This question is answered in the negative. The admitted facts are that the defendant had actual knowledge of the application for the treasurer's deed and acted upon that knowledge in all respects as though notice had been served upon him. In matters concerning the redemption of property from tax sales the county treasurer acts in a quasi judicial capacity. *Hartman v. Reid,* 17 C.A. 407, 68 Pac. 787; *Bean v. Westwood,* 101 Colo. 288, 73 P. (2d) 386.

■ Defendant acted upon actual knowledge which he had concerning the application for deed, by voluntarily appearing before the treasurer and requesting redemption, and was not thereafter in a position to claim the deed is void because his appearance was not made as the result of service of notice upon him. The voluntary appearance and demand for redemption made by him clearly indicates that he had the opportunity of doing, and did do, all that could have been done if notice had been served upon him. Notice was thereby waived. We are at a loss to see how defendant could benefit by a ruling of this Court to the effect that the deed should be voided as against him because notice was not served upon him. If another notice actually were served defendant could only do again that which he has already done in his own protection, and we would be confronted with the ultimate question as to whether his interest was such as to entitle him to redeem the property. Under the admitted facts, the trial court erred in finding that service of notice upon defendant was essential to the validity of the tax deed upon which plaintiffs base their claim of title.

Second: *Under the stipulated facts hereinabove set forth, did defendant have such an interest in the land sold for taxes as would entitle him to redeem?*

■ This question is answered in the negative. The pertinent statutory provision is stated in part as follows:

"Real property sold for taxes may be redeemed by the owner, his agent, assignee, or his attorney; by any person having a legal or equitable claim therein; or by a holder of a tax sale certificate; * * *."

Careful analysis of the stipulated facts discloses that defendant was not in privity of title with the record title owner prior to the issuance of the tax deed; that he had acquired no rights by adverse possession; and that he had no lien upon the land or other interest of any kind which he could enforce against the owner of the fee in said property.

While nothing in the stipulated facts bears upon the point, the briefs of the attorneys for the parties seem to admit that defendant purchased property adjoining that involved in this case under the mistaken belief that certain improvements were located upon the property which he bought. Actually these improvements were located on the land sold for taxes. No authority has been called to our attention which holds that one so situated has such an interest in the land as would entitle him to redeem from a tax sale.

In *French v. Golston,* 105 Colo. 578, 100 P. (2d) 581, plaintiff in error had taken possession of the land in question under assignment of a lease of questionable validity, and, after taking possession, erected improvements thereon to a value of approximately $20,000.00 The court there held that French had no "squatters" rights. Specifically, it was stated in the opinion that French acquired no "legal or equitable" claim to the land. In order to entitle defendant to redeem, in the instant case, he must have had a "legal or equitable" interest in the land sold. He had no such interest.

Third: *Under the very unusual facts shown by the record in the instant case, should the court remand this cause with directions to impose conditions upon which the title of plaintiffs shall be validated?*

This question is answered in the affirmative. We direct attention to the findings of the trial court in which appears, inter alia, the following:

"Another matter connected with this is an honest mistake here. By the payment of a small amount the plaintiff here has acquired a valuable asset, if this tax deed is sustained. The value is not apparent, but it is probably the home and the buildings of an innocent person. And by this method this defendant could be deprived of valuable property. It is a situation that invokes the equity and good conscience of the Court, the circumstances considered, to protect him."

The tax sale certificate acquired by plaintiffs did

not cover any improvements, for the reason that they were erected by defendant's predecessors in interest subsequent to the sale. No subsequent taxes on the improvements ever were paid by plaintiffs. Actually the improvements were assessed to the adjoining land owned by defendant and the taxes thereon were paid by him. Counsel for plaintiffs make the following assertion in their brief:

"Due to the defendant's improvements being on the property by mistake, plaintiffs will do equity and abide by whatever conditions the court may impose."

Under these circumstances the judgment is reversed, and the cause remanded with directions to the trial court to determine whether it would be practical and feasible for defendant to remove the improvements from the land in question, and, if so, to specify the conditions under which it shall be done. If removal of the improvements is not feasible, then the value thereof should be determined and the property subjected to a lien in favor of defendant in an amount equal to the value so determined.