Opinion by
Mr. Justice McWilliams.
This is a companion case to DeCola v. Bochatey, 161 Colo. 95, 420 P.2d 395, and the basic issues posed by this writ of error are essentially the same as those presented in the DeCola case.
Arapahoe Investment Company, a Colorado corporation which will hereinafter be referred to as the plaintiff, brought an action under R.C.P. Colo. 105, seeking to quiet title in a tract of land consisting of about seven acres situated just north of the city of Leadville. This particular tract of land lies in close proximity to, if not in fact adjacent to, the property which was the subject of the separate quiet title action in the DeCola case.
The several children of Dominick Ponzio, as his heirs-at-law, appeared as unknown persons and filed an answer wherein they alleged that it was they who owned the property in question. The children of Dominick Ponzio, who will hereinafter be referred to as the defendants, alleged that their title to the subject property passed to them upon the death of their father, Dominick Ponzio, and that he in turn had acquired title to the subject property by virtue of his adverse possession thereof from 1926 to the time of his death in 1957. Also, the defendants alleged that the treasurer’s deed, which formed the basis for the plaintiff’s claim to ownership of a portion of the tract to which title was sought to be quieted, was invalid because of the failure to give Louis *104 Ponzio adequate “notice” that a treasurer’s deed was about to issue as required by C.R.S. ’53, 137-10-28.
This case was separately tried to the same trial court as was the DeCola case, with the DeCola case having been heard and disposed of first. However, the same general result obtained in the instant case as in the DeCola case, namely, title was quieted in the plaintiff and the defendants were adjudged to have no right, title or interest in the subject property. By the present writ of error the defendants now seek to reverse this particular judgment and decree.
The evidence before the trial court in the instant case is for all practical purposes about the same as that in the DeCola case. This is not suprising, inasmuch as the two tracts are apparently adjacent properties, and the defendants basically relied upon the same line of testimony in each case to establish their father’s adverse possession of both tracts. Additionally, the evidence bearing upon the alleged invalidity of the treasurer’s deed was about the same in each case. And in each case it was the defendants’ position that Louis Ponzio, who was said to have been “in actual possession and occupancy” of the subject property as of the time the treasurer’s deed issued, had not received any notice as required by C.R.S. ’53, 137-10-28.
This being the situation, no good purpose would be served by detailing our reasons for concluding that under the circumstances the judgment and decree of the trial court should be affirmed. Attention is of course directed to our opinion in the DeCola case.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice Frantz concur.