Mary Ellen **THULEMEYER**,
Plaintiff-Appellee,

v.

David E. **WOLLERT** a/k/a David Wollert, Adeline V. Wollert a/k/a Adeline Wollert, Virginia Vick and Mary Wilson, Defendants-Appellants.

No. 85CA0737.

Colorado Court of Appeals,
Div. II.

Oct. 30, 1986.

Rehearing Denied Nov. 26, 1986.

Certiorari Denied (Wollert)
March 30, 1987.

Robert Blackburn, Las Animas, for plaintiff-appellee.

Johnson & McLachlan, Harlan Johnson, Lamar, for defendants-appellants.

SMITH, Judge.

Plaintiff, Mary Ellen Thulemeyer, brought this action under C.R.C.P. 105 to quiet title to a one-half of one-eighth interest in oil, gas, and other minerals in three lots located in Bent County, Colorado. Defendants counterclaimed seeking a judgment quieting title in them. There being no dispute as to any material fact, the issues were presented to the district court on motions from both parties for summary judgment. Defendants appeal from the trial court's entry of judgment in favor of Thulemeyer. We affirm.

This controversy originated in 1936 when the property in question was owned in its entirety by Adelaide L. Coker. Coker failed to pay the 1936 taxes assessed against her property, and pursuant to the resultant tax sale, the tax certificate was stricken off to the county on December 18, 1937. It was subsequently assigned to W.W. Davis on May 7, 1943.

W.W. Davis assigned his tax sale certificate on June 8, 1943, to Ruth Larson Kincaid who obtained a treasurer's deed to the property on September 30, 1943. Kincaid then conveyed the property without reservation to defendants' predecessor in title.

The dispute here arises because prior to the county's acquisition of the tax certificate for the 1936 taxes, Coker, on April 30, 1937, conveyed an undivided one-half interest in and to all of the oil, gas, and other minerals in and under the property to the Indian Territory Illuminating Oil Company (Indian). This mineral deed was recorded on May 3, 1937.

We are not advised as to what happened relative to the 1937 taxes on either portion of the property; however, taxes on the severed mineral rights were assessed to Indian for the year 1938. The 1938 assessment, however, for reasons undisclosed by the record, was not on the entire one-half mineral interest, but was only on one-half of one-eighth interest in the oil, gas, and other minerals in and under the property.

When Indian did not pay the 1938 taxes, the fractional mineral interest (½ of ⅛) was offered for sale in 1939. No one bid on those interests, and the tax certificate was stricken off to the county on December 16, 1939. The county subsequently, on March 1, 1945, assigned this certificate to L. Thulemeyer, plaintiff's predecessor in title, and a treasurer's deed for ½ of ⅛ of the mineral interest was issued to him on October 5, 1945.

Defendants argue that the assessment for the 1936 taxes included both the surface and minerals since there had not been a severance of the two at that time. We agree. Therefore, the 1937 sale for those taxes had to include both interests as well, as did the subsequent 1943 treasurer's deed granted to Ruth Larson Kincaid.

Defendants further contend that because the lien for the 1936 taxes was against all interests in the property, the mineral interests conveyed to Indian in 1937 remained subject to the 1936 lien and were therefore included in the property sold to the county in December 1937 and deeded to Ruth Larson Kincaid in 1943. We also agree with this contention.

4A Colo.Stat.Ann. 1935, ch. 142, § 247, which governs here, provided that whenever any property interest has been bid in, by, or for the county, and it has received a certificate of purchase, the treasurer may sell, assign, and deliver the certificate:

> "to any person who shall desire to purchase the same upon payment ... of the amount for which said property was bid in the county ... with interest and penalties accrued thereon from the date of sale ... *also the taxes assessed thereon since the date of such sale....*" (emphasis added)

When W.W. Davis purchased the tax certificate from the county in June 1943, he paid the 1936 taxes and the subsequent taxes which had accrued on the property. Obviously, however, neither he nor his successors satisfied the 1938 lien for taxes on the mineral interests that had been severed in 1937 and which, since that time, were separately assessed and taxed. They, therefore, took title subject to that tax lien. The separate lien for those taxes remained unsatisfied until 1945 when the 1938 certificate was purchased by Thulemeyer, and the mineral interest was ultimately deeded to him. *See* 4A Colo.Stat.Ann. 1935, ch. 142, §§ 3 and 4.

Defendants argue the Thulemeyer deed is void on its face because it states that subsequent taxes in the amount of "none dollars and none cents" were paid on the property.

Defendants cite several cases which state that a treasurer's deed which fails to recite that subsequent taxes were paid is void on its face. Here, however, there is not a failure to recite the amount of subsequent taxes paid; that amount was "none." We therefore conclude that for reasons unknown, either no taxes were assessed on the mineral interests, or if they were, such taxes did not remain unpaid when Thulemeyer obtained his treasurer's deed. This does not render Thulemeyer's treasurer's deed void since he was only required to pay, and the deed to recite that payment was received for, the taxes assessed and unpaid.

Defendant's last argument is that since the only severance of mineral rights was the mineral deed from Adelaide Coker to Indian recorded May 3, 1937, for a one-half interest in the minerals, the subsequent assessment of a one-half of one-eighth interest was invalid.

It is true that·a treasurer's deed must be issued on the basis of a valid tax assessment. *Mitchell v. Espinosa*, 125 Colo. 267, 243 P.2d 412 (1952). And, here, there is no indication in the record as to why only part of the mineral interest was assessed. However, since the mineral interest, after severance, was separately assessable, and Thulemeyer only claims ownership of the part that was so assessed, the record discloses no basis for concluding that the 1938 assessment was invalid.

In fact, a tax deed which has been properly signed, acknowledged, and recorded is prima facie evidence that the real property conveyed was subject to taxation for the year stated in the deed, that the property had been listed and assessed at the time and in the manner required by law, and that the taxes were levied according to law. *See Mitchell v. Denver*, 33 Colo. 37, 78 P. 686 (1904); 4A Colo.Stat. Ann. 1935, ch. 142 § 258.

Since the Thulemeyer deed meets the three prerequisites given in the statute, it constitutes prima facie evidence that the mineral interests conveyed therein were subject to assessment in 1938 and that the assessment was a valid one, done in accordance with existing law.

Accordingly, the judgment of the trial court is affirmed.

VAN CISE and METZGER, JJ., concur.