Joseph A. SCHUTTEN and Linda K. Schutten, Plaintiffs–Appellees,

v.

Dolores I. BECK and Donald R. Cummins, co-personal representative of the Estate of Ollie A. Cummins, Deceased, Defendants–Appellants.

No. 86CA0403.

Colorado Court of Appeals, Div. II.

June 9, 1988.

No Appearance for plaintiffs-appellees.

Bruce L. Craig, Colorado Springs, for defendants-appellants.

NEY, Judge.

Defendants, the co-personal representatives of the estate of Ollie A. Cummins (the estate), appeal the trial court's finding that Joseph and Linda Schutten established ownership to a 30–foot strip of land by adverse possession. Defendants argue that the evidence fails to support the trial court's determination. We agree and therefore reverse.

In December 1980, the Schuttens purchased an acre of land in Teller County. Property belonging to the Cummins family was adjacent the newly acquired Schutten property on the west, south, and east sides. When the Schuttens purchased the property, they assumed that the land purchased extended to a fence on the south.

After their purchase, the Schuttens placed a trailer home on the property and had the land surveyed. The survey established that the true southern boundary of the Schutten land lay approximately 30 feet on their side of the southern fence and revealed that the trailer was on the disputed strip. The Schuttens brought this action in 1983 to establish their claim to the disputed tract by adverse possession.

At trial, the Schuttens presented evidence concerning the southern fence. Morgan, the prior owner of the Schutten tract, testified that he did not erect the southern fence, but had discovered that the fence had been erected on a date more than eighteen years prior to the filing of this action. He assumed that the Cummins family had erected the fence.

The trial court held that because the fence had been in place for more than 18 years, the plaintiffs had established their claim by adverse possession. We disagree.

One claiming title by adverse possession has the burden of proving his claim by clear and convincing evidence. *Raftopoulos v. Monger*, 656 P.2d 1308 (Colo.1983). The claimant must prove not only that his possession was actual, adverse, hostile, and under claim of right, but also that it was exclusive and uninterrupted for the statutory period of eighteen years. *Raftopoulos v. Monger, supra; DeCola v. Bochatey*, 161 Colo. 95, 420 P.2d 395 (1966)

The Schuttens presented no evidence of actual adverse possession of the disputed tract prior to their purchase in 1980. Also, there is no evidence in the record that Morgan, the Schuttens' predecessor in interest, used or possessed the disputed strip extending to the fence line or that he considered the disputed land to be a part of his property. Without such evidence, the Schuttens did not establish hostile possession of the disputed tract for the full statutory period. *See DeCola v. Bochatey, supra; Archuleta v. Rose*, 136 Colo. 211, 315 P.2d 201 (1957).

The mere existence of the fence to the south of the Schutten property does not establish adverse possession since neither the Schuttens, nor their predecessor in interest, erected the fence or adversely claimed or occupied the 30 foot strip. The existence of the fence does not establish hostility, because it does not establish the intention of the adverse possessor to claim exclusive ownership of the occupied property. *Niles v. Churchill*, 29 Colo.App. 283, 482 P.2d 994 (1971); *DeCola v. Bochatey, supra*.

Because the record is devoid of any evidence establishing dominion and control by the Schuttens or their predecessor over the disputed land prior to 1980, the trial court decision quieting title in the Schuttens cannot stand. Accordingly, the judgment is reversed and the cause is remanded to the trial court with directions to dismiss the Schutten's claim.

SMITH and VAN CISE, JJ., concur.