Jack ELLIOTT, Plaintiff–Appellee,

v.

NOTCH MOUNTAIN CORPORATION,
Intervenor–Appellant.

No. 93CA0357.

Colorado Court of Appeals,
Div. IV.

April 7, 1994.

Rehearing Denied May 5, 1994.

Certiorari Granted Oct. 11, 1994.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

John W. Savage, Rifle, for plaintiff-appellee.

Parcel, Mauro, Hultin & Spaanstra, P.C., Michael M. Page, David A. Bailey, Kimberly T. Lee, Denver, for intervenor-appellant.

Opinion by Judge MARQUEZ.

Intervenor, Notch Mountain Corporation (Notch) appeals the order of the district court permitting plaintiff, Jack Elliott, to redeem a severed surface estate following its sale for delinquent taxes. We affirm the judgment.

The facts are agreed. Elliott is the present owner of a mineral estate severed from the surface by Elliott's predecessor in title. In addition to reserving certain mineral interests, Elliott's predecessor further reserved the following rights in the surface estate:

> the right to construct and maintain such buildings and such mine workings as it may desire on and from the surface of the ground to and into the quartzite formation in place, ... with such surface ground as may be reasonably needed for such buildings, workings and operations ...; it being the intention of the parties hereto that each shall have and enjoy the use of the surface always without unreasonable interference with the uses of the [surface owner].....

The Eagle County Treasurer impressed a lien for delinquent taxes against the surface estate, and Notch acquired the certificate of purchase following a sale for taxes. Notch thereafter requested issuance of a treasurer's deed.

Elliott commenced this action for injunctive relief against the treasurer, seeking an order directing the treasurer to accept Elliott's tender of redemption, and to refuse issuance of a deed to Notch. Notch intervened in the action, and upon cross-motions for summary judgment, the trial court allowed Elliott to redeem the property.

Notch principally argues that Elliott has no interest in the surface estate sufficient to redeem the certificate. We disagree.

When by appropriate conveyance the mineral estate in lands is severed from the surface, separate and distinct estates arise which are held by separate and distinct titles. *Mitchell v. Espinosa*, 125 Colo. 267, 243 P.2d 412 (1952). As a consequence of severance, mineral interests are separately taxed in the same manner as other real property. Section 39–1–106, C.R.S. (1982 Repl.Vol. 16B); §§ 39–1–104(4), 39–1–104.5, 39–11–150, C.R.S. (1993 Cum.Supp.). *See also Mitchell v. Espinosa, supra.*

Following severance, the mineral estate includes the attributes and rights that accompany such ownership, typically including the right to egress and ingress, exploration, and surface usage reasonably necessary to the successful exploitation of the mineral

estate. *Rocky Mountain Fuel Co. v. Heflin,* 148 Colo. 415, 366 P.2d 577 (1961); *Simson v. Langholf,* 133 Colo. 208, 293 P.2d 302 (1956).

Here, Elliott holds the described mineral estate together with the right by deed to construct necessary buildings and other improvements upon the surface, and to use and enjoy it as long as he does not interfere with the rights of the surface fee owner.

Real property for which a tax lien is sold as the result of delinquent taxes "may be redeemed by the owner thereof ... or by any person having a legal or equitable claim therein...." Section 39–12–103(1), C.R.S. (1993 Cum.Supp.). For taxation purposes, "real property" is defined to include mines, minerals in and under the land, "and all rights and privileges thereunto appertaining...." Section 39–1–102(14)(b), C.R.S. (1982 Repl.Vol. 16B).

Accordingly, the tax sale of the surface interest contemplated the transfer of an estate in which Elliott had a statutorily cognizable right. In addition, the General Assembly has expressly recognized the right of the surface owner to redeem the separately assessed severed mineral estate from a tax sale, and has required notice be given to the surface owner of his right to redeem. Section 39–11–150, C.R.S. (1993 Cum.Supp.).

■ Notch correctly states that following severance, the two resulting interests may be separately conveyed due to the creation of distinct titles, *see Hudgeons v. Tenneco Oil Co.,* 796 P.2d 21 (Colo.App.1990), and that a tax sale or tax deed describing the surface estate does not convey the severed mineral estate. *See Gilpin Investment Co. v. Perigo Mines Co.,* 161 Colo. 252, 421 P.2d 477 (1966). However, the issue here is not the survivability of Elliott's title following issuance of a tax deed, but rather the nature of his interest in the surface estate and consequent entitlement to redemptive rights.

■ Notch's interest is limited to its ownership of the certificate of purchase, which entitles it to a deed only in the event the property is not redeemed. Notch claims no interest devolved from Elliott's predecessor and possesses the certificate as a monetary investment with merely an expectation of

succeeding to title. *Boyle v. Culp,* 159 Colo. 423, 412 P.2d 543 (1966). In the event of redemption, Notch is entitled to the protection of its investment so as to receive the redemption money which would include interest and costs. Section 39–12–103(3), C.R.S. (1993 Cum.Supp.). Beyond that, in the event of redemption, Notch has no further rights. *Bean v. Westwood,* 101 Colo. 288, 73 P.2d 386 (1937).

■ Tax redemption statutes are to be construed liberally in favor of the redemptioner and the exercise of his right of redemption, *Bean v. Westwood, supra.* Thus, a non-participating oil and gas royalty has been deemed an interest in real property and as such the owner of such royalty was entitled to receive notice of the time for redemption. *Payne v. A.M. Fruh Co.,* 98 N.W.2d 27 (N.D.1959). In *Steele v. Freel,* 157 Fla. 223, 25 So.2d 501 (1946), the Court observed that under Florida law, the tax clerk was obliged to accept redemption money from the owners of mineral interests, who thus held sufficient interest in the foreclosed surface fee in order to redeem. *See also* Annot., 56 A.L.R.2d 621 (1957).

In *Johnson v. Dunkel,* 132 Colo. 383, 288 P.2d 343 (1955), relief was refused because the redemptioner was not in privity of title with the record owner prior to the issuance of the tax deed, he had no rights in the property, and he had no lien or other interest which he could enforce against the owner.

Here, however, the plaintiff derived title from a predecessor who held the entire fee before severance, possesses rights in the surface estate granted by deed and allowed by law, and can enforce those rights by proper action. *See Whiles v. Grand Junction Mining & Fuel Co.,* 86 Colo. 418, 282 P. 260 (1929); *see also Frankfort Oil Co. v. Abrams,* 159 Colo. 535, 413 P.2d 190 (1966). We accordingly conclude the trial court properly extended to plaintiff the right to redeem.

We finally note that apparently the tax sale certificate describes an estate which includes the surface and the remaining unsevered mineral rights. If the surface and mineral estates have not been severed, a valid tax deed (or other conveyance in fee) will·

vest the grantee with title to both estates. *Thulemeyer v. Wollert,* 734 P.2d 151 (Colo. App.1986). *See also* §§ 39–12–105(1) and 106, C.R.S. (1993 Cum.Supp.). However, Elliott suggests his redemption interest should include other severed mineral interests, in addition to those unsevered interests appurtenant to the surface estate. We decline to address this contention under the circumstances here, since the issue was not addressed by the trial court. *See Westrac, Inc. v. Walker Field, Colorado, Public Airport Authority,* 812 P.2d 714 (Colo.App.1991).

The judgment of the trial court according plaintiff the right to redeem the property described in the tax sale proceedings is affirmed.

PLANK and ROTHENBERG, JJ., concur.